Filed 3/3/22  P. v. McDaniels CA2/4

Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RASHON TREMAIN McDANIELS,<br><br>    Defendant and Appellant. | B305707<br><br>(Los Angeles County<br>Super. Ct. No. GA073596) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Rashon Tremain McDaniels, in pro. per.; Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Paul S.

Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In a prior opinion regarding this appeal from the denial of a petition for relief under Penal Code section 1170.95, we concluded appellant Rashon Tremain McDaniels was ineligible for relief as a matter of law, and therefore affirmed.[1]  Our Supreme Court granted review and transferred the matter back to this court, with directions that we vacate our prior decision and reconsider the cause in light of Senate Bill No. 775 (Reg. Sess. 2021-2022) (SB 775).  After reconsidering the cause, we conclude that appellant remains ineligible for relief as a matter of law.  We therefore affirm.

## BACKGROUND

In 2010, a jury found appellant and a co-defendant guilty of premeditated attempted murder and shooting at an inhabited dwelling.  The trial court had instructed the jury that to be guilty of attempted murder, the defendant must

_____

[1]      Undesignated statutory references are to the Penal Code.

2

have acted with the intent to kill.[2]  The jury was instructed on a theory of direct aiding and abetting, which included the requirement that the defendant knew of the perpetrator's unlawful purpose and intended to aid the perpetrator's commission of that crime.  The jury received no instruction under the natural and probable consequences doctrine.[3]  On direct appeal, we remanded the matter to correct appellant's sentence, but affirmed his convictions.[4]  (*People v. Alford*

---

[2]  We have granted the Attorney General's request for judicial notice of the jury instructions and verdict forms used at appellant's trial.

[3]  "Under the natural and probable consequences doctrine, '[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.'"  (*People v. Vega-Robles* (2017) 9 Cal.App.5th 382, 433-434, disapproved of on another ground by *People v. Valencia* (2021) 11 Cal.5th 818, 839.)

[4]  We concluded the trial court had erred in instructing the jury that those who aid and abet a crime and those who directly perpetrate the crime were "'equally guilty'" of the commission of that crime, but found the error harmless beyond a reasonable doubt.  We observed, "'[T]he jury was specifically instructed that in order to find an individual defendant guilty, it had to find that that person knew of the perpetrator's intent to murder prior to aiding and abetting by words or conduct.'"  We explained, "'[I]n order to find [appellant] guilty on an aiding and abetting theory, the jury . . . had to find [1] that the shooter . . . committed attempted murder, [2] that [appellant] knew that he intended to commit murder, and [3] that before or during the commission of the crime, [appellant] . . . intended to, and by word or conduct did, aid and abet the [shooter]'s commission of the shooting . . . .'"

(Jan. 16, 2013, B229548) 2013 Cal.App.Unpub. LEXIS 358, at *4-*5.)

In 2019, appellant filed a "Petition for Writ of Habeas Corpus," alleging that he was entitled to resentencing on the attempted murder conviction under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) because he was convicted of attempted murder under the natural and probable consequences theory. Treating appellant's petition as one for relief under section 1170.95, the superior court appointed counsel for appellant and set a briefing schedule. In opposing appellant's petition, the prosecution argued, inter alia, that section 1170.95 was inapplicable to convictions for attempted murder. Following a hearing, the superior court denied appellant's petition, concluding that section 1170.95 did not apply to convictions for attempted murder, and thus that appellant was ineligible for relief.

After appellant timely appealed, his appointed counsel filed a brief raising no issues. Appellant filed a supplemental brief, which we construed as arguing that he was eligible for relief under section 1170.95. We independently reviewed the record and found no arguable issue, concluding that by its terms, section 1170.95 afforded no relief to defendants convicted of attempted murder. (*People v. McDaniels* (Apr. 21, 2021, No. B305707) 2021 Cal.App.Unpub. LEXIS 2575, at *4 (*McDaniels I*).)[5] Our

---

[5] Relying on the opinion in *Alford*, we additionally noted that the jury instructions did not permit a conviction under the
(*Fn. continued on the next page*.)

4

Supreme Court subsequently granted appellant's petition for review, and transferred the matter back to this court, with directions that we vacate our prior opinion and reconsider the cause in light of the recently enacted SB 775.

## **DISCUSSION**

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] "In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) SB 775, which became effective January 1, 2022, expanded section 1170.95's scope and amended its procedures. Among other things, the new legislation allows defendants to challenge convictions for *attempted* murder obtained under theories that SB 1437 rendered invalid. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

---

natural and probable consequences doctrine. (*McDaniels I, supra*, 2021 Cal.App.Unpub. LEXIS 2575, at *4-*5.)

The Attorney General has filed a supplemental brief, arguing, inter alia, that appellant remains ineligible for relief as a matter of law because his jury was never instructed on the natural and probable consequences doctrine. Appellant has not filed another supplemental brief. We agree with the Attorney General that appellant remains ineligible for relief.

Appellant's jury was not instructed under any theory rendered invalid by SB 1437.[6] Instead, the jury was instructed that in order to convict appellant of attempted murder, it was required to find that appellant had acted with intent to kill, either as the perpetrator or as a direct aider and abettor. SB 1437 did not limit murder liability (and by extension, liability for attempted murder) for direct aiders and abettors acting with intent to kill. (See § 189, subd. (e)(3) [aider and abettor in murder, acting with intent to kill, is liable for murder].) Because appellant could be convicted of attempted murder notwithstanding SB 1437's changes to the law, he is ineligible for relief under section 1170.95 as a matter of law. (See § 1170.95, subd. (a)(3) [petitioner eligible for relief only if he or she "could not presently be convicted of murder or attempted murder because of [SB 1437's] changes to Section 188 or 189"].)

---

[6] Contrary to appellant's assertion in his original supplemental brief, the instructions addressed the concept of natural and probable consequences only in directing the jury how to determine if an act caused great bodily injury for purposes of a firearm-enhancement allegation.

Accordingly, the superior court did not err in denying appellant's petition.

**DISPOSITION**

Our prior decision in *McDaniels I* is vacated. The superior court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

7